SCHOTT, Judge.
Plaintiff has appealed from a dismissal of its suit for damages for defendant’s alleged breach of a contract to install a sign in front of plaintiff’s business. Plaintiff seeks recovery of $126 given as a deposit to defendant when the contract was signed, $2,000 loss of income allegedly resulting from defendant’s failure to perform the contract, and attorney fees.
The parties entered into a contract on July 30, 1979, under which defendant was to construct a double faced sign on a pole in front of plaintiff’s business. After defendant had erected the pole and installed a blank sign he was notified by the power company that the Federal Occupational Safety and Health Act prohibited him from completing the sign because it was within ten feet of power lines.
The prohibition against the completion of the sign was “a fortuitous event or irresistible force” which hindered defendant from doing what he contracted to do so that plaintiff is not entitled to damages for the inexecution of his contract, LSA C.C. Art. 1933(2).
Additionally, when this contract was signed between the parties they must have supposed that nothing prohibited the erection of the sign and, surely, defendant would not have obligated himself to perform something which was beyond his ability. It would be inequitable to penalize defendant for his inexecution of the contract under these circumstances which were unknown to either party when the contract was signed. C.C. Arts. 1964 and 1965.
However, plaintiff deposited its $126 with defendant in the good faith belief that the sign could and would be erected. No considerations of law or equity should compel plaintiff to suffer this loss as compared to defendant who was the professional supposedly having knowledge of sign erection problems. Thus, plaintiff is entitled to a judgment for the amount of its deposit.
Plaintiff is not entitled to attorney fees because there is no provision for recovery of the same in the contract or by law.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of plaintiff, Nanny’s Shoe *812 Store, Inc., and against defendant, Beder & Company, in the sum of $126 with legal interest from date of judicial demand until paid and for all costs of these proceedings.
REVERSED AND RENDERED.